<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

| | | |
|---|---|---|
| SHADRACK POYON NEYOR, | : | |
| | : | Civil Action |
| Petitioner, | : | 06-1203 (JLL) |
| | : | |
| v. | : | <u>O P I N I O N</u> |
| | : | |
| ALBERTO GONZALEZ et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    SHADRACK POYON NEYOR, <u>pro se</u>
    Middlesex County Correction Center
    New Brunswick, New Jersey 08903

<u>JOSE L. LINARES</u>, <u>District Judge</u>

    This matter having come before this Court on receipt of "Amendment in Support of Habeas Corpus [Petition and Seeking] Injunction of Removal" (hereinafter "Amendment") of petitioner SHADRACK POYON NEYOR (hereinafter "Petitioner"), and it appearing as follows:

    Petitioner, a native and citizen of Liberia, filed his petition (hereinafter "Petition") with this Court pursuant to 28 U.S.C. § 2241 challenging his detention as indefinite and, therefore, unconstitutional under the holding of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), and its progeny.

On April 12, 2006, this Court issued an Order (hereinafter "April Order") directing Respondents to answer allegations set forth in Petitioner's Petition within forty five days of the entry of the April Order and, as of the date of the instant Order, the Respondents' time to submit their answer has not elapsed.

On May 1, 2006, this Court received Petitioner's Amendment (1) asserting that his removal to Liberia is being currently effectuated by the Department of Homeland Security (hereinafter "DHS"), and (2) seeking injunctive relief preventing the DHS from removing Petitioner to Liberia.[1]

A. Challenge to Detention under Section 2241

Section 2241 of Title 28 of the United States Code provides, in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . . (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Thus, the Court has subject matter jurisdiction over this matter

---

[1] It appears that Petitioner's removal was deferred by the "Grant of a Deferral of Removal under Article III of the United Nations Convention Against Torture." See Pet., Neyor v. Gonzalez, 06-1203 (JLL), Docket No. 6, at 2. It further appears that Petitioner's current removal is contemplated due to re-qualification of the status of Liberia for the purposes of the United Nations Convention Against Torture.

pursuant to 28 U.S.C. § 2241(a) and (c) in that Petitioner challenges *his custody* (rather than his order of removal) under the authority of the United States and in violation of the laws of the United States.  See <u>United States v. Ferri</u>, 686 F.2d 147, 158 (3d Cir. 1982), <u>cert. denied</u>, 459 U.S. 1211 (1983) (claims attacking the execution of a petitioner's sentence are properly brought under 28 U.S.C. § 2241); <u>see also</u> <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 (2d Cir. 1991) ("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241").  Therefore, Petitioner's Petition was properly filed with this Court under § 2241.

**B.   Challenge to Order of Removal**

On May 11, 2005, the President signed into law the REAL ID Act of 2005.  <u>See</u> Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Section 106(a)(5) of the REAL ID Act of 2005 amends 8 U.S.C. § 1252 to provide that, "[n]otwithstanding any other provision of law (statutory or non[-]statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under

any provision of this Act, except as provided in subsection (e)."[2] See REAL ID Act of 2005, § 106(a)(5), to be codified at 8 U.S.C. § 1252(a)(5). Since Petitioner's Amendment challenges Petitioner's order of removal, Petitioner's Amendment was improperly filed with this Court.[3]

The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Since Petitioner's removal proceedings took place in New Jersey, the United States Court of Appeals for the Third Circuit is the proper forum for Petitioner's challenges

---

[2] Subsection (e) of § 1252 is not applicable here. That section provides that judicial review of any determination made under 8 U.S.C. § 1225(b)(1) is available in habeas corpus proceedings, limited to a determination of whether the petitioner is an alien, whether the petitioner was ordered removed under such section, and whether the petitioner can prove certain conditions. See 8 U.S.C. § 1252(e)(2). Section 1225(b)(1) governs the inspection of aliens arriving in the United States and authorizes an immigration officer to order the removal of an alien who is arriving in the United States, without further hearing. See 8 U.S.C. § 1225(b)(1).

[3] Pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

set forth in Petitioner's Amendment.

## CONCLUSION

Since Petitioner's Amendment contests his removal order and should have been filed with the Court of Appeals for the Third Circuit, this Court severs Petitioner's Amendment, construes it as a separate application distinct from Petitioner's Petition and transfer this application to the United States Court of Appeals for the Third Circuit pursuant to the REAL ID Act.

This Court retains jurisdiction over Petitioner's original § 2241 Petition challenging Petitioner's detention as indefinite under the standard set forth by Zadvydas v. Davis, 533 U.S. 678 (2001), and its progeny.

An appropriate Order and a copy of the June 16, 2005, Special Notice of the United States Court of Appeals for the Third Circuit accompany this Opinion.

_____
JOSE L. LINARES
United States District Judge

Dated: 5/23/06

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

June 16, 2005

## SPECIAL NOTICE

RE: Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005)

This notice is to the District Courts and litigants within the Third Circuit. It outlines the preferred procedures for transferring cases from District Courts to the Court of Appeals pursuant to the Real ID Act of 2005.

1. Because not all petitions for habeas corpus are subject to transfer and because cases to be heard as a petition for review must be transferred to the Circuit Court of Appeals where the Immigration Judge concluded proceedings, it is suggested that District Judges provide the parties an opportunity to stipulate to or brief the propriety of the transfer order.

2. If the District Court agrees that the case is appropriate for transfer under the Real ID Act, the District Court should issue an order of transfer and send the case to the appropriate Court of Appeals as a petition for review.

3. The transfer order should indicate that the transfer is made pursuant to the Real ID Act. The transfer order should also indicate where the Immigration Judge concluded the proceedings, which Court of Appeals the case should be transferred to, and include the petitioner's Alien Number (the eight-digit number preceded by the letter A).

4. Any stay previously issued by the District Court shall remain in place during and after transfer. The Government may move in the Court of Appeals to vacate the stay if appropriate.

5. The District Court clerks are requested to transmit the entire record to the Court of Appeals at the same time they transmit the transfer order. If only a portion of the District Court case is being transferred to the Court of Appeals as a petition for review, that portion of the District Court record which relates to the petition for review should be forwarded to the Court of Appeals. The Court of Appeals will accept paper documents or electronic documents.

6. Within ten days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by the District Court is sufficient for purposes of the petition for review or whether additional documents are necessary.

/s/ Anthony J. Scirica
Chief Judge